```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                  CHARLESTON DIVISION
```

ACADIAN ENERGY RESOURCES, LLC and
J. HOWARD BASS & ASSOCIATES, INC.,

      Plaintiffs,

v.                                    CIVIL ACTION NO. 2:09-00150

JAMES R. CARPENTER and
SUNSHINE PROPERTY INVESTMENTS, LLC, and
WILLIAM POLAN and
ROBERT SHANE POLAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion for a temporary restraining order or preliminary injunction filed February 19, 2009.

I.

On February 19, 2009, came putative plaintiff Acadian Energy Resources, LLC ("Acadian"), and plaintiff J. Howard Bass & Associates, along with J. Howard Bass, all by counsel, attorneys Steven P. McGowan and Michael B. Stuart, and came defendant James R. Carpenter, by his counsel attorney William V. DePaulo, and also came Robert Shane Polan, for a hearing respecting plaintiffs' motion. As more fully stated on the record, the

court is satisfied that Mr. McGowan and Mr. DePaulo undertook their best efforts to provide actual notice of the hearing to the absent parties, who were unable to attend primarily due to their geographic distance from the court and the expedited nature of the proceeding.

Counsel for Mr. Carpenter contended, <u>inter alia</u>, that the court lacked subject matter jurisdiction and that plaintiffs failed to satisfy the necessary prerequisites for obtaining a temporary restraining order. Respecting subject matter jurisdiction, our court of appeals revisited the analysis just days ago:

> When, as here, a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence. <u>See</u> <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction."). <u>Unless "the jurisdictional facts are intertwined with the facts central to the merits of the dispute</u>," the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits.

<u>United States ex rel. Vuyyuru v. Jadhav</u>, Nos. 07-1455, 07-1922, --- F.3d ----, 2009 WL 331967, at *7 (4th Cir. Feb. 12, 2009) (emphasis supplied). It appears at this stage that the jurisdictional facts are intertwined with the facts central to the merits of the dispute.

Regarding the request for a temporary restraining order, the court applies the long-settled standard stated in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193-96 (4th Cir. 1977). The decision in Blackwelder sets forth a "balance-of- hardships" test to determine whether interim extraordinary relief is appropriate. See Blackwelder, 550 F.2d at 194. The test requires consideration of the following four factors: (1) the likelihood of irreparable harm to the movant if the requested interim relief is denied; (2) the likelihood of harm to the non-movant if the relief is granted; (3) the movant's likelihood of success on the merits; and (4) the public interest. See Hughes Network Sys., Inc. v. InterDigital Comm'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); Blackwelder, 550 F.2d at 193-96.

The movant must make a clear showing of irreparable harm. Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citing Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir.1991)). The threatened irreparable harm must also be "actual and imminent," not remote or speculative. Id. (internal quotation omitted).

After considering the verified complaint, the additional filings and affidavits offered by the parties, the arguments of counsel, and the three exhibits received into

evidence, the court made its findings of fact, as more fully stated on the record.

The business of Acadian, perhaps the alter ego of J. Howard Bass, has been and continued to be until February 15, 2009, funded entirely by Mr. Bass' interests. Further, counsel appear to agree that the sole manager for Acadian is Richard Cheatham. Mr. Cheatham avers in his February 19, 2009, affidavit that Mr. Bass "is, and always has been," Acadian's lone member. (Aff. of Richard Cheatham at 1). That contention is corroborated by plaintiffs' exhibit 1, the "OPERATING AGREEMENT OF ACADIAN ENERGY RESOURCES, LLC."

Additionally, the five apparent employees of Acadian mentioned at the hearing also apparently respond to directions from Mr. Bass and are paid from an account funded by plaintiff J. Howard Bass & Associates, Inc. These facts are presently deemed on an interim basis to sufficiently vest the court with subject matter jurisdiction to consider entry of a temporary restraining order.[1]

---

[1] Plaintiffs allege that Acadian is a Texas citizen based upon the domicile of its alleged sole member, Mr. Bass, who is a Texas resident. J. Howard Bass & Associates, Inc., is a Texas citizen as well. It appears undisputed that (1) defendant James R. Carpenter is an Ohio resident, (2) defendant Sunshine Property Investments, LLC, is a West Virginia entity, based upon its
(continued...)

Respecting the balance of harms, Acadian employees are presently unable to enter their workplace and carry on the entity's business. If calls are made to Acadian offices, they are likely not being answered. Visitors to the corporate offices will find the premises shuttered. In essence, since February 16, 2009, Acadian has ceased operations as a going concern. This state of affairs threatens not only Acadian prospects for continued operations and maintenance of its goodwill and holdings, but also the well being of those Acadian employees who depend upon the entity for their livelihood. Based upon this same economic effect, the public interest also favors, though slightly, a grant of interim relief.

In the counterbalance, little to no harm would inure to defendants by granting the relief requested for the brief period of time allotted by Federal Rule of Civil Procedure 65. Any harm suffered by defendants should they ultimately prevail can likely be fairly remediated monetarily.

Inasmuch as the balance of harms, and the public interest, decidedly favor plaintiffs at this early stage of the case, the court concludes that the requested temporary

---

[1](...continued)
members residing in West Virginia, and (3) defendants William and Robert Shane Polan are West Virginia residents.

restraining order should issue. <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353, 359 (4th Cir. 1991) ("The irreparable harm to the plaintiff and the harm to the defendant are the two most important factors. If, after balancing those two factors, the balance 'tips decidedly' in favor of the plaintiff, . . . [interim relief] will be granted if 'the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation.'").

Based upon the foregoing analysis, the court ORDERS as follows:

1. That plaintiffs' motion for a temporary restraining order be, and it hereby is, granted for a period of ten (10) days expiring on March 6, 2009;

2. That defendants be, and they hereby are, directed to vacate the premises and provide access thereto to Mr. Bass or his authorized agents and return to Mr. Bass or his authorized agents any keys and property now in defendants' possession that was taken from plaintiffs or their property;

3. That the temporary restraining order be, and it hereby is, deemed to become effective this date inasmuch as the court has been informed by the Clerk's office that Mr. Bass is in the process this same day of electronically transferring to the financial institution designated by the Clerk's office the $50,000 bond previously set by the court at the hearing;

4. That plaintiffs be, and they hereby are, directed to continue the insurance coverage mentioned at the hearing that was in effect as of February 15, 2009, and perhaps presently; and

5. That a hearing be, and it hereby is, scheduled for 10:30 a.m. on March 4, 2009, for purposes of considering the possibility of extending the temporary restraining order for good cause.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the following:

William Polan
605 Ninth Street
Suite 710
Huntington, WV 25701

Robert Shane Polan
605 Ninth Street
Suite 1300
Huntington, WV 25701

DATED: February 20, 2009

_____
John T. Copenhaver, Jr.
United States District Judge

7