UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


ACADIAN ENERGY RESOURCES, LLC and
J. HOWARD BASS & ASSOCIATES, INC.,

      Plaintiffs,

v.                         CIVIL ACTION NO. 2:09-00150

JAMES R. CARPENTER and
SUNSHINE PROPERTY INVESTMENTS, LLC, and
WILLIAM POLAN and
ROBERT SHANE POLAN,

      Defendants.

and

JAMES R. CARPENTER,

      Third-Party Plaintiff,

v.

JAMES H. BASS
J. HOWARD BASS & ASSOCIATES, INC.,
a Texas corporation, and RICHARD CHEATHAM and
TSAR-WV, LLC,
a Delaware limited liability company,
ACADIAN ENERGY RESOURCES, LLC,
a West Virginia limited liability company,
ACADIAN ENERGY RESOURCES, INC.
a Delaware corporation, and
JOHN AND JANE DOES 1-99,

      Third-Party Defendants.


MEMORANDUM OPINION AND ORDER


      Pending are the motions of Acadian Energy Resources,

LLC ("Acadian"), to dismiss this action and to strike "Exhibit A"

to the affidavit of James Howard Bass, both filed February 19,
2009, by counsel for defendant James R. Carpenter, who also then
noticed an appearance for Acadian;[1] and plaintiffs' motions, by
their actual counsel of record, to strike the aforementioned
notice of appearance, filed February 26, 2009, to strike all
references to the criminal record of James Howard Bass made in
the memorandum in support of the motion to dismiss, filed March
3, 2009, and to stay this action and to schedule a status
conference at the conclusion of the stay, filed May 5, 2009.

Regarding the motion to dismiss, defendant Carpenter
contends that he alone is authorized to act for Acadian and that
he did not sanction the institution of this action.  He further
contends that Acadian should be realigned as a party defendant,
which would putatively destroy complete diversity.

One of the ultimate issues in this action is the entity
among those joined in this action, if any, who is or are lawfully
authorized to act on behalf of Acadian.  Inasmuch as that matter
appears to present a question resolvable only by the trier of

---

[1]It is defendant Carpenter's position, as discussed within,
that he is the only lawfully authorized individual to act on
Acadian's behalf.

fact, the motion to dismiss and the notice of appearance for
Acadian by defendant Carpenter's counsel appear premature at
best.  The court, accordingly, ORDERS that the motion to dismiss
be, and it hereby is, denied.  It is further ORDERED that
plaintiffs' motion to strike the notice of appearance be, and it
hereby is, granted.

     Respecting defendant Carpenter's motion to strike
"Exhibit A" to the affidavit of James Howard Bass and plaintiffs'
motion to strike all references to the criminal record of James
Howard Bass, the respective motions appear to be based upon a
desire to circumscribe the record as it existed before the court
at a time when it had under consideration certain motions
previously filed, and resolved, in this action.  The motions
consisted of plaintiffs' requests for a temporary restraining
order or a preliminary injunction and the motion to dismiss
referenced above.

     To the extent either Exhibit A or the criminal record
of James Howard Bass were relevant to disposition of the
aforementioned motions, that is no longer the case.  Each of the
motions has been resolved.  In sum, no motion presently pending
is affected by the contents of either Exhibit A or the references
to James Howard Bass' criminal record.  Indeed, it may be the

3

case that neither Exhibit A nor James Howard Bass' criminal record are relied upon again by any party to this action.  If so, however, any party may challenge the authenticity or contents of the documents at that time.  In advance of that occurrence, the court ORDERS that the motion to strike "Exhibit A" to the affidavit of James Howard Bass, and plaintiffs' motion to strike all references to the criminal record of James Howard Bass, be, and they hereby are, denied without prejudice.

Regarding plaintiffs' motion to stay this action and to schedule a status conference at the conclusion of the stay, the court ORDERS that the motion be, and it hereby is, granted insofar as this action is stayed for a period of 14 days, with the exception that defendant Carpenter is given leave to seek a temporary restraining order or preliminary injunctive relief should he so choose prior to the expiration of the stay.  The motion to stay and to schedule a status conference at the conclusion of the stay is denied in all other respects.

Plaintiffs and the third-party defendants are directed to retain counsel and have their appearances noted forthwith. Following the noted appearances, counsel are directed to meet and confer no later than June 1, 2009, respecting the timing of any further discovery and other case events.  No later than June 10,

4

2009, counsel are directed to submit to the court a joint report reflecting the outcome of their discussions and their respective proposals for the prompt and orderly disposition of this action.

      The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

    DATED:  May 12, 2009

    John T. Copenhaver, Jr.
    United States District Judge