```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                  CHARLESTON DIVISION
```

**ACADIAN ENERGY RESOURCES, LLC and**
**J. HOWARD BASS & ASSOCIATES, INC.,**

      Plaintiffs,

v.                                                  CIVIL ACTION NO. 2:09-00150

**JAMES R. CARPENTER and**
**SUNSHINE PROPERTY INVESTMENTS, LLC, and**
**WILLIAM POLAN and**
**ROBERT SHANE POLAN,**

      Defendants.

**and**

**JAMES R. CARPENTER,**

      Third-Party Plaintiff,

v.

**JAMES H. BASS**
**J. HOWARD BASS & ASSOCIATES, INC.,**
a Texas corporation, and **RICHARD CHEATHAM** and
**TSAR-WV, LLC,**
a Delaware limited liability company,
**ACADIAN ENERGY RESOURCES, LLC,**
a West Virginia limited liability company,
**ACADIAN ENERGY RESOURCES, INC.**
a Delaware corporation, and
**JOHN AND JANE DOES 1-99,**

      Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is third party plaintiff James R. Carpenter's motion for a temporary restraining order, filed May 26, 2009.[1]

I.

On June 3, 2009, the parties and counsel appeared for a hearing respecting Mr. Carpenter's motion for a temporary restraining order. The motion originally sought to:

1. Enjoin James H. Bass, Richard Cheatham, and other individuals and entities, including any agent or attorney acting on behalf of the third party defendants, from continuing to transfer the assets of Acadian Energy Resources, LLC;

2. Compel the third party defendants to produce an immediate accounting of all transactions with Acadian Energy Resources, LLC, since December 1, 2007;

3. Compel the third party defendants to immediately restore to Acadian Energy Resources, LLC, all assets transferred pursuant to (a) a March 5, 2009, TSAR/BASS Purchase and Sale Agreement ("Agreement"), and (b) any other similar transaction unknown to Mr. Carpenter at the present time; and

---

[1] Also pending is Mr. Carpenter's motion "to [E]njoin Third Party Defendants from Fraudulently Transferring Assets of Acadian Resources, LLC, for an Immediate Accounting, to Appoint a Receiver to Take Over the Affairs of that Company and for Other Relief[,]" filed May 18, 2009. The court understands the relief sought in the May 18, 2009, motion to encompass the same relief sought in the more recent motion for a temporary restraining order filed May 26, 2009. The court, accordingly, ORDERS that the May 18, 2009, motion be, and it hereby is, denied as moot.

    4.    Have appointed a receiver for Acadian Energy Resources, LLC.

(See Mot. for TRO at 1-2).

The court entered today an Agreed Order that, according to counsel for Mr. Carpenter, resolves all requests for extraordinary relief directed toward those third party defendants who have signed it, namely, Acadian Energy Resources, LLC, Acadian Energy Resources, Inc., J. Howard Bass & Associates, Inc., William Polan, Sunshine Property Investments, LLC, and Robert Polan.

Respecting the remaining third party defendants who have appeared, namely, Richard Cheatham and TSAR-WV, LLC, counsel for Mr. Carpenter clarified at the hearing today that the relief he is seeking is (1) an injunction preventing a retransfer of those assets that were the subject of the Agreement, (2) an accounting of the same kind offered in the Agreed Order by the other third party defendants who have appeared, (3) a prohibition on the assignment of the Agreement, (4) a prohibition against the transfer of TSAR-WV, LLC, as an entity, and (5) a prohibition against Cheatham and TSAR-WV, LLC, from entering into any contracts that would impair the mineral interests that were the subject of the Agreement.

II.

In resolving the temporary restraining order request, the court applies the long-settled standard stated in <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189, 193-96 (4th Cir. 1977). The decision in <u>Blackwelder</u> sets forth a "balance-of-hardships" test to determine whether interim extraordinary relief is appropriate. <u>See</u> <u>Blackwelder</u>, 550 F.2d at 194. The test requires consideration of the following four factors: (1) the likelihood of irreparable harm to the movant if the requested interim relief is denied; (2) the likelihood of harm to the non-movant if the relief is granted; (3) the movant's likelihood of success on the merits; and (4) the public interest. <u>See</u> <u>Hughes Network Sys., Inc. v. InterDigital Comm'n Corp.</u>, 17 F.3d 691, 693 (4th Cir. 1994); <u>Blackwelder</u>, 550 F.2d at 193-96.

The movant must make a clear showing of irreparable harm. <u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citing <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353, 360 (4th Cir.1991)). The threatened irreparable harm must also be "actual and imminent," not remote or speculative. <u>Id.</u> (internal quotation omitted).

Based upon the minimal evidentiary record developed at the hearing, Mr. Carpenter has not made a clear showing of irreparable harm. The essential harm that he seeks to avoid is the prospect that the assets now in the hands of Cheatham and/or TSAR-WV, LLC, may be transferred anew to a bona fide purchaser for value. There is no showing that such a transfer is contemplated, much less imminent. Further, Mr. Carpenter has not demonstrated that monetary relief would not compensate him adequately if that type of a transfer were achieved.

Additionally, the parties sharply dispute the true ownership of Acadian Energy Resources, LLC, the entity at the center of this controversy. It is thus incumbent upon Mr. Carpenter to show that the marked restrictions on ownership that he seeks to impose upon Cheatham and TSAR-WV, LLC, are necessary in light of the harm anticipated. That showing is presently insufficient to warrant the extraordinary relief sought.

Based upon the foregoing analysis, the court ORDERS that Mr. Carpenter's motion for a temporary restraining order be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: June 3, 2009

John T. Copenhaver, Jr.
United States District Judge