```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                  CHARLESTON DIVISION
```

**ACADIAN ENERGY RESOURCES, LLC and**
**J. HOWARD BASS & ASSOCIATES, INC.,**

    Plaintiffs,

v.                                  CIVIL ACTION NO. 2:09-00150

**JAMES R. CARPENTER and**
**SUNSHINE PROPERTY INVESTMENTS, LLC, and**
**WILLIAM POLAN and**
**ROBERT SHANE POLAN,**

    Defendants.

**and**

**JAMES R. CARPENTER,**

    Third-Party Plaintiff,

v.

**JAMES H. BASS**
**J. HOWARD BASS & ASSOCIATES, INC.,**
a Texas corporation, and **RICHARD CHEATHAM** and
**TSAR-WV, LLC,**
a Delaware limited liability company,
**ACADIAN ENERGY RESOURCES, LLC,**
a West Virginia limited liability company,
**ACADIAN ENERGY RESOURCES, INC.**
a Delaware corporation, and
**JOHN AND JANE DOES 1-99,**

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the January 3, 2010, appeal by defendant and third-party plaintiff James R. Carpenter of the December 22,

2009, order entered by the Honorable Mary E. Stanley, United States Magistrate Judge, Carpenter's motion to stay the December 22, 2009, order <u>nunc</u> <u>pro</u> <u>tunc</u> ("motion to stay"), filed January 13, 2010, and the motion to enforce discovery order and to compel Carpenter to respond to Interrogatory 10 filed January 18, 2010, by third-party defendant Richard Cheatham and TSAR-WV, LLC.[1]

       The magistrate judge discusses the salient facts in her December 22, 2009, order.  In sum, her order addresses (1) a portion of a motion to compel filed by third-party defendants Richard Cheatham and TSAR-WV, LLC ("first motion to compel"), and (2) an additional motion to compel filed by J. Howard Bass & Associates, Inc., and the two third-party defendant Acadian entities ("second motion to compel").  The two motions effectively seek to compel responses from Carpenter concerning (1) the identity of the individual who allegedly took documents belonging to some or all of the third-party defendants, and (2)

---

[1] The court has considered as well the supplemental memorandum in support submitted by Carpenter on January 31, 2010, along with his request for a hearing.  The court dispenses with the hearing request inasmuch as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
    The court additionally notes the suggestion of bankruptcy filed yesterday respecting Acadian Energy Resources LLC.  The relief granted herein is consistent with that sought by the debtor during the proceedings before the magistrate judge.

the identity of the individual who then delivered the taken documents to Carpenter's counsel.[2]  Carpenter refused to answer the questions posed "because he had information that Bass had vowed to murder the mole [responsible for disseminating the documents] if he ever discovered his identity."  (Appeal at 4).

---

[2]The first motion to compel requested, in part, an order directing a response to an interrogatory, quoted fully within, that inquired concerning the "source of the stolen documents . . . ."  (Ord. at 2-3 (emphasis added) (quoting Int. 10)).  Regarding the second motion to compel, which arose out of Carpenter's refusal to answer certain questions posed during his deposition, inquiring counsel asked the identity of the individual who delivered the documents.

In refusing to answer either inquiry, Carpenter appears to have relied upon a putative threat of violence, detailed more fully within, by third-party defendant James H. Bass, to harm the individual who "leaked information . . . ." (Dep. of James R. Carpenter at 183; see also id. at 187 (deposing counsel noting to magistrate judge that he was seeking an answer "concerning the source" of the documents in question).

Carpenter likewise distinguishes between the individual who took the documents and the individual who delivered them:

> Mr. Carpenter is happy to be forthcoming on much other than the names of Mr. Bass' mole.  Specifically -- and let this be as clear as possible -- Mr. Carpenter does not know who, if anybody, removed any documents from Bass' or Cheatham's offices, or how . . . .  He does not know how many hands the documents . . . went through . . . before arriving at a destination from which they were delivered to him . . . .
>
> Carpenter does know that a person not employed by Bass delivered a set of documents to him and his attorney.  Disclosure of the identity of that person is likely to facilitate Bass' deducing the name of the persons or persons who, in some manner, moved information Bass and Cheatham would have preferred to keep private into the public domain.  For that reason, Carpenter has declined to respond further.

(Appeal at 7-8 (citation omitted) (emphasis added)).

The magistrate judge granted both motions to compel, stating as follows:

> The only remaining issue is whether the purported threat by . . . Bass against the "mole" in his organization constitutes a basis for the court to rule that defendant Carpenter may refuse to answer questions regarding the source of the documents. The alleged threat was not made against defendant Carpenter; it was aimed at the person who provided the documents to Carpenter. Thus defendant Carpenter is attempting to assert a risk of harm to another person, not himself. The court remains unpersuaded that the risk of harm to a third person, based on the alleged threat by Bass, is a <u>bona</u> <u>fide</u> reason to limit discovery concerning the source of the documents. There certainly is no provision in the Federal Rules of Civil Procedure that addresses such conduct. As noted during [a] . . . telephone conversation with counsel, publicity concerning an alleged threat discourages retaliatory action. If the third party is in fear, that person should consult law enforcement.

(Ord. at 10-11). Based upon the aforementioned ruling, the magistrate judge ordered as follows:

> [T]hat defendant Carpenter shall answer interrogatory no. 10, without objection, on or before January 8, 2010. It is further ORDERED that defendant Carpenter shall answer questions posed to him concerning the source of the documents if the moving parties choose to reconvene his deposition.

(<u>Id.</u> at 11).

In his supplemental memorandum filed January 31, 2010, Carpenter notes that third-party defendant James H. Bass on January 19, 2010, pled guilty to a DUI offense with a stipulated

sentence of three years incarceration. He additionally notes that one "Robert Herald Bennett," in actuality, Robert Herald Barnett, is currently under indictment in the Eastern District of Kentucky for, <u>inter</u> <u>alia</u>, employing a facility of interstate commerce to solicit murder for hire of another person. Carpenter further alleges as follows:

> The events described in the 13-count indictment related to a series of events that began on March 5, 2009, the same day that James H. Bass and Richard Cheatham executed documents to effectuate the conspiracy entered into on February 20, 2009 to loot Acadian Energy Resources, LLC and other entities under the[ir] common control.
>
> James R. Carpenter states that he has been advised by the person who delivered the documentation of the March 5, 2009 fraudulent transactions to James R. Carpenter, that that person believes that they are the person whose murder was allegedly solicited in counts 10 and 12 of the foregoing indictment. This belief is based upon the fact, as related to James R. Carpenter, that the undercover ATF agent solicited to commit murder by ROBERT HERALD BENNET [sic] called the person who was the source of the March 5, 2009 documentation and advised him that he was the target of the conspiracy to commit murder.
>
> Additionally, James R. Carpenter states that he has been advised by the person who delivered the documentation of the March 5, 2009 fraudulent transactions to James R. Carpenter, that that person believes that ROBERT HERALD BENNETT [sic] was hired to solicit that person's murder by James H. Bass.
>
> James R. Carpenter underscores that he has no direct knowledge of the intended victim or victims of the murder for hire plot described in the August 7, 2009 indictment, or of the person, if anyone, who hired ROBERT HERALD BENNETT [sic]. However, knowledge of the

5

>  foregoing "facts" -- if they are in fact "facts" -- was the sole reason James R. Carpenter declined to identify the person who delivered the March 5, 2009 documentation to him.

(Supp. Memo. ¶¶ 4-7).  Carpenter professes that, in view of Mr. Bass' expected incarceration in mid-February, that he "and the person who delivered the March 5, 2009 fraudulent transaction documentation to . . . Carpenter, are willing to disclose the identity of the person whose name is the subject of the present discovery proceeding, upon James H. Bass' surrender to prison authorities in Texas . . . ."  (<u>Id.</u> ¶ 8).

## II.

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

>   When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added).  The United States Court of Appeals for the Tenth Circuit has observed as follows:

6

> Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

While the supplemental memorandum adds further factual detail, Carpenter's appeal does not appear to state any substantial, new grounds in support of his persistent refusal to answer inquiries related to the subject documents. He asserts that the magistrate judge erred inasmuch as (1) the absence of any textual support in the Federal Rules of Civil Procedure for his position does not diminish his grounds for refusing to

answer, (2) publicity surrounding the threat and available law enforcement remedies are insufficient for protective purposes, and (3) the identity of the individual who delivered the documents is not relevant to any issue in the case.

None of these contentions amount to the required showing that the magistrate judge's order was clearly erroneous or contrary to law.  The court, accordingly, ORDERS that the December 22, 2009, order appealed from be, and it hereby is, affirmed.[3]

---

[3]Two additional matters warrant brief mention.  First, Carpenter asserts that he had a substantial basis for refusing to answer the questions posed to him.  That is not the case.  He offers no legal authority supporting his refusal to answer under the circumstances.  Additionally, as demonstrated by the magistrate judge's justifiably brief analysis, the rhetorical force of his arguments is readily overcome.  The magistrate judge was correct in concluding Carpenter's position was not substantially justified.

Second, Carpenter quarrels with the phrasing of Interrogatory 10, which he was directed to answer by the magistrate judge.  That interrogatory states as follows:

> Please identify the source of the stolen documents attached as Exhibits C and D to your Memorandum in Support of Third Party Plaintiff James R. Carpenter's Motion for Temporary Restraining Order filed in these proceedings.

(Ord. at 2-3 (quoting Int. 10)).

Carpenter devotes significant space in his objections toward demonstrating that the documents in question were not "stolen." Carpenter is free to reflect his view of the status of the documents.  He must, however, respond fully and truthfully as

(continued...)

In the interest of not further prolonging this expensive and time consuming satellite litigation, and given the fact that multiple individuals may have been involved in the taking and delivery of the subject documents, it is further ORDERED that Carpenter be, and he hereby is, directed to disclose in writing no later than March 2, 2010, the identities of any individuals he or his counsel know to have been involved in the taking, reproduction, and/or delivery of the subject documents.

In view of this ruling, the court ORDERS that Carpenter's motion to stay and the Cheatham and TSAR motion to enforce discovery order and to compel Carpenter to respond to Interrogatory 10, be, and they hereby are, denied as moot.

---

[3](...continued) directed herein to the substance of the question posed inasmuch as the inquiries made by the movants "appear[] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (discussing the proper scope of discovery); Glover v. South Carolina Law Enforcement Div., 170 F.3d 411, 415 (4th Cir. 1999) (same). For example, once the identities of the subject individuals are known, the movants may wish to inquire further of them concerning their knowledge, if any, of the allegations in the complaint and third-party complaint. If the individuals are well enough informed about the nature of the transactions at issue to have secreted documents away and transferred them to another party in the action, it is quite possible they possess other information relevant to the subject matter.

Viewed in this manner, the text of Rule 26(b)(1) appears to explicitly authorize the discovery sought. Id. ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the . . . custody . . . of any documents . . . and the identity and location of persons who know of any discoverable matter.").

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: February 3, 2010

John T. Copenhaver, Jr.
United States District Judge