```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                  CHARLESTON DIVISION
```

**ACADIAN ENERGY RESOURCES, LLC and**
**J. HOWARD BASS & ASSOCIATES, INC.,**

    Plaintiffs,

v.                                                  CIVIL ACTION NO. 2:09-00150

**JAMES R. CARPENTER and**
**SUNSHINE PROPERTY INVESTMENTS, LLC, and**
**WILLIAM POLAN and**
**ROBERT SHANE POLAN,**

    Defendants.

**and**

**JAMES R. CARPENTER,**

    Third-Party Plaintiff,

v.

**JAMES H. BASS**
**J. HOWARD BASS & ASSOCIATES, INC.,**
a Texas corporation, and **RICHARD CHEATHAM** and
**TSAR-WV, LLC,**
a Delaware limited liability company,
**ACADIAN ENERGY RESOURCES, LLC,**
a West Virginia limited liability company,
**ACADIAN ENERGY RESOURCES, INC.**
a Delaware corporation, and
**JOHN AND JANE DOES 1-99,**

    Third-Party Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

        Pending is defendant and third-party plaintiff James R. Carpenter's request for clarification of a December 22, 2009,

order entered by the court, filed January 18, 2010.  On February 1, 2010, Acadian Energy Resources, Inc., Acadian Energy Resources, LLC ("Acadian LLC"), J. Howard Bass & Associates, Inc., and TSAR-WV, LLC ("TSAR"), responded in opposition to the request.[1]

The request for clarification seeks guidance concerning whether the December 22, 2009, order

> was intended to permit the parties to extend the December 15, 2009 discovery cut off date, as Carpenter contends, to deal with all discovery issues, or was instead designed solely to allow . . . Cheatham and T[SAR] to pursue outstanding discovery matters, including but not limited to a grant of additional time for disclosure of experts.

(Mot. for Clarific. at 1).  The December 22, 2009, order provides pertinently as follows:

> Pending is third-party defendants', Richard Cheatham and TSAR-WV, LLC, motion to modify the scheduling order, filed December 4, 2009. No party has responded in opposition to the motion.
>
> The relief requested would result in the setting of an expert witness disclosure deadline beyond the time allotted for discovery, which discovery period expired on December 15, 2009. It is further noted that the various parties are presently engaged in discovery disputes that appear to be in the process of being submitted to the United States Magistrate Judge, one motion having been filed as recently as December 9, 2009.

---

[1] The court notes that the December 4, 2009, motion to modify order filed by Cheatham and TSAR is reflected as pending on the docket.  The motion was resolved by the December 22, 2009, order.  The Clerk is, accordingly, directed to terminate the motion.

>    The parties are directed to consult forthwith in an effort to conclude the outstanding discovery disputes and present to the court no later than January 8, 2010, a proposed revised scheduling order that will allow for the fair and orderly disposition of this action.

(Ord. at 1-2).

Also pending are the following: (1) Cheatham's and TSAR's motion to strike Carpenter's amended responses to request for admissions and to enforce discovery order, filed December 9, 2009, (2) the motion to compel the continued deposition of Carpenter, filed January 8, 2010, by Cheatham, J. Howard Bass & Associates, Inc., and TSAR, (3) Carpenter's motion to compel production of documents from Cheatham and TSAR, filed January 18, 2010, (4) Acadian LLC's motion for clarification or, in the alternative, for leave to withdraw as counsel ("motion for clarification"), filed December 30, 2009, and (5) bankruptcy trustee C. Daniel Roberts motion to intervene and to stay proceedings ("motion to intervene and stay"), filed December 30, 2009.  The first three motions are referred to the United States Magistrate Judge.  The remaining motions pend before the undersigned.

Additionally, the court received yesterday the suggestion of bankruptcy respecting Acadian LLC.  Third-party defendant James H. Bass previously filed a voluntary Chapter 7

petition.  It appears that one or more hearings and/or motions relating to the debtors are respectively scheduled and pending before the United States Bankruptcy Court for the Western District of Texas.  Additionally, the putative intervenor, Trustee C. Daniel Roberts, notified the court on January 15, 2010, as follows:

> In his Memorandum [supporting the motion to intervene and stay], the Trustee referenced an Emergency Motion for Authority (the "Emergency Motion") that was pending before the Bankruptcy Court in the bankruptcy case at the time the Memorandum was filed. The Emergency Motion sought confirmation that the Trustee had the authority to control and direct Acadian . . . LLC . . ., which included, among other things, the authority to replace . . . Cheatham with Gregory S. Milligan as Manager of Acadian [LLC].
>
> This Court is hereby advised that, on January 14, 2010, the Bankruptcy Court entered an Order by which it granted the Trustee's Emergency Motion for Authority.

(Supp. to Memo. in Supp. at 1).

Based upon the foregoing discussion, it is ORDERED as follows:

1. That this civil action be, and it hereby is, stayed pending a decision on the motion for clarification and the motion to intervene and stay;

2. That the requirements and directives of the memorandum opinion and order entered earlier today be, and they hereby are, excepted from the effect of this temporary stay order;

4

3. That, as a further exception to the temporary stay, counsel for the putative intervenor and counsel for all parties, except the debtors, be, and they hereby are, directed to file a joint status report no later than February 17, 2010, summarizing the ongoing proceedings in the Texas bankruptcy court, their effect, if any, upon the further proceedings herein, and any impending, material developments which may impact the litigation in either the Texas bankruptcy court or this court. In particular, and if possible in view of the automatic stay, the court seeks guidance concerning the impact, if any, of the January 14, 2010, order of the bankruptcy court upon the motion for clarification.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: February 3, 2010

John T. Copenhaver, Jr.
United States District Judge

5